**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| THE CHURCH OF CHRIST | ) | |
| AT AZALEA DRIVE, | ) | |
| on behalf of itself and | ) | |
| all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:11-cv-3371-PMD |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| FOREST RIVER, INC., and | ) | |
| STARCRAFT BUS, a Division of | ) | |
| Forest River, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

        This matter is before the Court upon a motion for clarification, reconsideration, and relief filed by Defendants Forest River, Inc., and Starcraft Bus (collectively "Defendants") on June 3, 2013 ("Motion").  Defendants seek clarification of the scope of the Court's Order dated May 23, 2013 ("May 23 Order"), which granted in part and denied in part Plaintiff's motions to compel. Aside from the following clarification, Defendants' Motion is denied.[1]

        Plaintiff requested that the Court compel Defendants to produce documents responsive to Request for Production No. 15.  Accordingly, the Court quoted verbatim Request No. 15, ordering Defendants to "produce '[a]ll owner reports, complaints, communications, consumer letters, customer complaints, fleet complaints, electronic dealer service reports, and service investigation reports, insurance reports and claims, engineering reports, vehicle owner questionnaires, surveys, memoranda, and emails or other communications' from 2002 to the present relating to all Starcraft buses purchased by current South Carolina residents."  May 23 Order 5, dkt. 44.  Thus, the Court's

_____

[1] Defendants' request for a hearing also is denied.

May 23 Order compelled production of only those documents listed in the request and dating from 2002 to the present for all Starcraft buses purchased by current South Carolina residents—not the production of every document in the files for each bus sold into South Carolina. As the Court did not order production of all files, the Court need not address Defendants' requests for reconsideration regarding all files and for additional time. *See* Defs.' Mem. in Supp. 15, dkt. 45-1 ("To the extent the Court intended to require the production of all files, Forest River seeks reconsideration that would limit production to a sampling . . . .  Should the Court require the production of all of the files . . . , Forest River seeks at least sixty (60) days in which to complete this process . . . .).

Defendants also request reconsideration of the Court's Order requiring production of documents relating to models other than the XLT-model bus. "An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). Moreover, "[m]otions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). Nonetheless, district courts in the Fourth Circuit look to those standards for guidance. *Joe Hand Promotions, Inc. v. Double Down Entm't, LLC*, C/A No. 0:11-cv-02438, 2012 WL 6210334, at *2 (D.S.C. Dec. 13, 2012). Thus, "the following are appropriate reasons for granting a Rule 54(b) motion: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* A motion for reconsideration, however, "is not an opportunity to rehash issues already ruled upon because a litigant is displeased with the result." *Id.*

During the pre-certification stage of discovery, the question before the Court is "whether the information and documents sought by the plaintiff can be rightly characterized as necessary to

assist the Court in its decision whether or not to certify the class"—that is, whether they shed light on the class certification Rule 23 requirements of numerosity, commonality, typicality, and adequacy of representation. *Griffin v. Harley Davidson Credit Corp.*, C.A. No. 8:08-cv-466-HFF-BHH, 2010 WL 233764, at *2 (D.S.C. Jan. 14, 2010). In its May 23 Order, the Court explained that because the parties clearly disagree about whether or not the scope of this putative class action should include both large and small models of Starcraft buses, the Court likely will be asked to determine whether South Carolina purchasers of non-XLT model buses should be included within the class or a subclass. The Court then concluded that Plaintiff should be permitted to conduct discovery on all models of Starcraft buses that were purchased by current South Carolina residents because "discovery is likely warranted where it will resolve factual issues necessary for the determination of whether the action may be maintained as a class action, such as whether a class or set of subclasses exist[s]." *Artis v. Deere & Co.*, 276 F.R.D. 348, 351 (N.D. Cal. 2011). The Court is not convinced by Defendants' arguments that permitting such discovery is clear error that will result in manifest injustice. Accordingly, the Court will not reconsider this issue.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Defendants' Motion be **DENIED**. If Defendants have not already complied with the May 23 Order, they will have seven (7) days from the date of this order to produce the compelled documents.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

June 6, 2013
Charleston, SC

3